UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNOLD LEONG,<br>　　　　　Plaintiff,<br>　　v.<br>WARREN HAVENS,<br>　　　　　Defendant. | Case No. 18-cv-05751-JST<br><br>**ORDER TO SHOW CAUSE** |

Plaintiff Arnold Leong brings claims against Warren Havens, as well as various legal entities formerly controlled by Havens, related to an ownership dispute over hundreds of wireless spectrum licenses. ECF No. 1 at 30-72. The entities holding these licenses ("Receivership Entities") are under the control of a receiver, Susan Uecker, who was appointed by the Alameda County Superior Court. Case No. 18-cv-03603-JST, ECF No. 24-1 at 8-9.

In June 2015, Havens removed this action to federal court for the first time, and this Court remanded for lack of subject matter jurisdiction. *Id.* at 53, 65-68. Havens removed the case to federal court for the second time on June 15, 2018. Case No. 18-cv-03603-JST, ECF No. 1. On September 7, 2018, the Court again remanded, holding that Havens' notice of removal was untimely filed and not consented to by all defendants, and furthermore that the Court lacks subject matter jurisdiction. Case No. 18-cv-03603-JST, ECF No. 50. Havens has since appealed this remand order to the Ninth Circuit. Case No. 18-cv-03603-JST, ECF No. 54.

The instant notice of removal, filed September 19, 2018, represents Havens' third attempt to remove this case to federal court. ECF No. 1. The Court will now order Havens to show cause why his case should not again be remanded and why he should not be ordered to pay Leong and Uecker's attorneys' fees and costs under 28 U.S.C. § 1447(c).

United States District Court
Northern District of California

"Where a court has previously remanded a removed action for a defendant's failure to meet its burden, successive notices of removal, though not necessarily barred, generally must be based on information not available at the prior removal." *Sweet v. United Parcel Serv., Inc.*, No. CV 09-02653 DDP (RZx), 2009 WL 1664644, at *3 (C.D. Cal. June 15, 2009) (citing *Mattel, Inc. v. Bryant*, 441 F.Supp.2d 1081, 1089 (C.D. Cal. 2005); *Barahona v. Orkin,* No. CV 08-04634-RGK (SHx), 2008 WL 4724054 (C. D. Cal. October 21, 2008)). This rule applies even when the earlier notice of removal was rejected due to procedural defects such as untimely filing. "[A] party is not entitled . . . to file a second petition for removal upon the same grounds, where upon the first removal by the same party, the federal court declined to proceed and remanded the suit, because of his failure to file the required copy within the time fixed by the statute." *St. Paul & C. Ry. Co. v. McLean,* 108 U.S. 212, 217 (1883). Havens's latest notice of removal does not appear to list any grounds for removal that have not already been presented to, and rejected by, the Court.

Moreover, a successively-removing defendant may not seek reconsideration of the district court's prior remand order, on appeal or otherwise. 28 U.S.C. § 1447(d); *Seedman v. U.S. Dist. Court for C.D. Cal.,* 837 F.2d 413, 414 (9th Cir. 1988) (per curiam). Havens's filings so far indicate that this is exactly what he seeks here. *See* Case No. 18-cv-03603-JST, ECF No. 58 at 5 (arguing that "the current removal case would be more properly handled by a judge who did not issue the [earlier] remand order in this Case" and expressing concern that relating the earlier- and later-filed cases would lead to Judge Tigar "review[ing] his own remand decision").

For the reasons set forth above, the Court hereby issues an ORDER TO SHOW CAUSE why the case should not be remanded for improper successive removal, as well as why fees and costs should not be awarded pursuant to 28 U.S.C. § 1447. Havens shall file a written response to this order no later than October 17, 2018. The Court will conduct a hearing on this order to show cause on October 24, 2018 at 2:00 p.m.

**IT IS SO ORDERED.**

Dated: October 9, 2018



JON S. TIGAR
United States District Judge