UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ARNOLD LEONG,

    Plaintiff,

v.

WARREN HAVENS,

    Defendant.

Case No. 18-cv-05751-JST

**ORDER REMANDING CASE AND AWARDING FEES AND COSTS**

Re: ECF No. 18

This case originated in the Alameda County Superior Court before Defendant Warren Havens removed it to federal court under a prior case number. *Leong v. Havens*, No. 18-cv-03603-JST ("'3603 Case"). Finding a want of federal jurisdiction, the Court remanded the case back to state court on September 7, 2018. *Id.*, ECF No. 50.

Twelve days later, Havens removed the same case to federal court again, giving rise to the current federal case.[1] ECF No. 1. Receiver Susan Uecker filed a motion to remand, ECF No. 4, which Plaintiff Arnold Leong joined, ECF No. 13. Uecker also moved to relate the '3603 Case to this one and for other urgent relief, which motion Leong also joined. *Leong v. Havens*, No. 18-cv-03603-JST, ECF No. 53.

After reviewing these filings, the Court ordered Havens to show cause (1) why the case should not be remanded for improper successive removal, and (2) why he should not be ordered to reimburse Uecker and Leong for their attorneys' fees and costs under 28 U.S.C. § 1447(c). ECF No. 18.

---

[1] This is actually Havens's third attempt to move the case to federal court. *See Arnold Leong v. Warren Havens, an individual, Verde Systems LLC, and Telesaurus Holdings GB, LLC*, Case No. 15-cv-02463-YGR. After his first attempt, the case was remanded on June 23, 2015.

In response to the Court's order to show cause, Havens filed four documents, each purporting to be a slightly corrected version of the earlier. ECF Nos. 62-65.[2]

Havens's argument against remand is that *sua sponte* remand on procedural grounds is inappropriate under *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190 (9th Cir. 2003). ECF No. 64 at 7-11. There is no basis for this objection, however, because neither the Court's prior remand order, nor the remand order the Court now issues, is or was issued *sua sponte*. When this case was brought before the Court by Havens's second notice of removal, the Court remanded in response to a motion by Leong, supported by Uecker. *Leong v. Havens*, No. 18-cv-03603-JST, ECF Nos. 24, 35, 50. Similarly, the Court entered the order to show cause at ECF No. 18 in the current case in response to Uecker's motion to remand at ECF No. 4, as well as her motion for urgent relief in the related case at ECF No. 53. Because Havens's objection is without merit, and he offers no plausible basis for federal jurisdiction, the Court concludes that Havens has failed to show cause. The Court therefore REMANDS this case to the Alameda County Superior Court.[3]

Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Court previously alerted Havens that it might award Uecker and Leong their fees and costs incurred in responding to his third notice of removal, and ordered Havens to show cause why such relief should not issue. ECF No. 18. Havens's response offers no argument as to why an award of fees and costs is not appropriate. *See* ECF No. 64. Furthermore, Havens's repeated improper attempts at removal appear designed to frustrate his opponents' ability to obtain judicial relief in the state court where this case belongs. Accordingly, the Court will award "just costs and any

---

[2] Only the first two were filed by the October 17 show-cause deadline set by the Court. ECF Nos. 62-63. Recognizing that Havens is proceeding pro se, the Court will consider the late "errata version" he filed on October 18 as his operative response. ECF No. 64. However, the Court will not consider the additional "supplement" Havens filed on October 23, the day before the scheduled hearing on the Court's order to show cause. ECF No. 65.

[3] At the hearing, Havens made a request for jurisdictional discovery. The request was untimely and is denied on that basis alone. Even if the Court were to consider the request on the merits, however, it would deny it, because Havens's assertions that discovery will uncover facts supporting the exercise of jurisdiction are purely speculative. *See Getz v. Boeing Co.*, 654 F.3d 852, 860 (9th Cir. 2011).

2

actual expenses, including attorney fees," incurred by the Plaintiff and the Receiver in response to Havens's third notice of removal. Those parties may, but are not required to, submit an application for such costs and expenses by November 9, 2018. Havens may file an opposition by November 16, 2018. At that point, the matter will be submitted.

Finally, the Court observes that Havens's response raises the issue of judicial recusal. *See* ECF No. 64 at 15 ("Should the Hon. Judge recuse himself based on the OCS and the Remand Order Appeal under 28 USC § 455(a) or §(b)(3)?"). Havens provides no further argument in this regard. Even construing Havens's rhetorical question as a motion, the Court finds no reason to take any action on the request.[4]

Motions to disqualify, or recuse, a judge fall under two statutory provisions, 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 144 provides for recusal where a party files a timely and sufficient affidavit averring that the judge before whom the matter is pending has a personal bias or prejudice either against the party or in favor of an adverse party, and setting forth the facts and reasons for such belief. *See* 28 U.S.C. § 144. Similarly, § 455 requires a judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a), including where the judge "has a personal bias or prejudice concerning a party," *id.* § 455 (b)(1).

A judge finding a § 144 motion timely and the affidavits legally sufficient must proceed no further and another judge must be assigned to hear the matter. *See id.*; *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980). Where the affidavit is not legally sufficient, however, the judge at whom the motion is directed may determine the matter. *See id.* at 868 (holding judge challenged under § 144 properly heard and denied motion where affidavit not legally sufficient).

The substantive test for personal bias or prejudice is identical under §§ 144 and 455. *See Sibla*, 624 F.2d at 867. Specifically, under both statutes recusal is appropriate where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might

---

[4] Havens also filed a separate request for recusal less than two hours before the hearing on the Court's order to show cause. ECF No. 66. That document also offers no facts in support of recusal.

reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (citation omitted). Consequently, an affidavit filed under § 144 will raise a question concerning recusal under §§ 455(a) and (b)(1) as well. *Sibla*, 624 F.2d at 867.

Here, Havens has not filed an affidavit for the Court to consider. He also provides no reasons for recusal in the body of his motion. *See* ECF No. 64 at 15. Thus, his allegations categorically fail to establish any basis, under either § 144 or § 455, for a determination that the Court's impartiality might reasonably be questioned, and are insufficient as a matter of law. Defendant's motion for recusal is therefore DENIED.

**IT IS SO ORDERED.**

Dated: October 25, 2018



JON S. TIGAR
United States District Judge

4