UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ARNOLD LEONG,

    Plaintiff,

v.

WARREN HAVENS,

    Defendant.

Case No. 18-cv-05751-JST

**ORDER DENYING DEFENDANT'S MOTION UNDER FEDERAL RULE OF CIVIL PROCEDURE 62.1**

Re: ECF No. 85

Before the Court is Defendant Warren Havens' motion for indicative rulings under Federal Rule of Civil Procedure 62.1. ECF No. 85. On June 20, 2019, the Receiver filed an opposition to the motion. ECF No. 88. On June 25, 2019, Havens filed a "supplement" in support of his motion. ECF No. 90. The Court will deny the motion.

**I. BACKGROUND**

This closed case concerns an ownership dispute over wireless spectrum licenses, brought in Alameda County Superior Court by Plaintiff Arnold Leong against Defendant Havens and various entities formerly controlled by Havens. *See* ECF No. 1 at 30-72. The entities which hold the licenses at issue ("Receivership Entities") are under the control of a court-appointed receiver, Susan Uecker. Case No. 18-cv-03603-JST, ECF No. 24-1 at 8-9.

Havens made three unsuccessful attempts to remove this case to federal court. After his first attempt at removal on June 3, 2015, the case was remanded on June 23, 2015. Case No. 15-cv-02463-YGR, ECF Nos. 1, 23. Havens attempted to remove the case again on June 15, 2018, and on September 7, 2018, the Court again remanded. Case No. 18-cv-03603-JST, ECF Nos. 1, 50. Havens appealed that order, and the Ninth Circuit summarily affirmed. Case No. 18-cv-03603-JST, ECF Nos. 54, 65. On September 19, 2018, Havens filed his third notice of removal in

1 the above-captioned case. ECF No. 1. On October 25, 2018, the Court once again remanded the action. ECF No. 69. On April 30, 2019, the Court ordered Havens to pay attorney's fees in the amount of $24,750 to Uecker's counsel, and $12,300 to Leong's counsel. ECF No. 81. Havens appealed the October 25, 2018 remand order and the April 30, 2019 fees order. ECF Nos. 72, 82. Those appeals remain pending before the Ninth Circuit.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 62.1 provides that, "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a). Consideration of such a request involves four steps:

> First, the appealing parties must be motivated by some concern or issue and specifically ask for an indicative ruling. Second, the District Court is then obliged to indicate its view of the request. If the request is denied, that ends the inquiry. If the District Court is inclined to grant the request for an indicative ruling, the third step is to tell the parties and the Circuit Court of its intent. Finally, it is up to the Circuit Court to decide whether it will send the case back to the District Court and empower the lower court to rule.

*Defs. of Wildlife v. Salazar*, 776 F. Supp. 2d 1178, 1182 (D. Mont. 2011).

## III. DISCUSSION

Havens sets forth five issues and asks the Court to issue indicative rulings on each, or at least to "indicate its view of the request[s]" as described in *Salazar*. ECF No. 85 at 5.

The Court has reviewed Havens' requests and concludes that they lack merit. Additionally, the Court observes that it has already considered and rejected many of Havens' arguments, which he has raised repeatedly in earlier motions. Havens' motion under Rule 62.1 is denied.

The Receiver requests the Court impose sanctions on Havens, noting that Havens has now been designated a vexatious litigant in the California state courts and that his motion "is simply further confirmation of his abuse of process and his inability to 'hear [the Court] clearly' in spite of its exceptionally clear and personally delivered views." ECF No. 88 at 3 (quoting Transcript of

2

Oral Argument, ECF No. 71, at 10). The Court is sympathetic to the Receiver's position but will deny the motion nonetheless. The Receiver does not identify the rule that Havens allegedly violated or the source of the Court's authority to impose sanctions. *See* Phillips & Stevenson, California Practice Guide: Federal Civil Procedure Before Trial ¶ 17:20 (Rutter Group 2019) ("When seeking sanctions, the motion should include *all potential sources* of the court's sanctioning power in order to give opposing parties notice and opportunity to defend. Failure to do so raises potential due process problems.") (emphasis in original). Without that information, it is not possible for either Havens or the Court to know against what standard Havens' conduct should be evaluated.

## CONCLUSION

For the reasons above, Havens' motion for indicative rulings is DENIED and the Receiver's request for sanctions is DENIED.

**IT IS SO ORDERED.**

Dated: July 22, 2019

 _____
 JON S. TIGAR
 United States District Judge